NEW JERSEY MISCELLANEOUS REPORTS. 143

Supreme Court—State Board Med. Examiners of N. J. v. Wooding.

STATE BOARD OF MEDICAL EXAMINERS OF NEW JER-
    SEY, PLAINTIFF-PROSECUTOR, v. BENJAMIN F. WOOD-
    ING, DEFENDANT.

Submitted October term, 1926—Decided January 19, 1927.

**Practice of Medicine—Defendant Contended That He Could Not
be Convicted For Anything Other Than the Practice of Med-
icine and Surgery, and That Laws of 1915 Defining Practice
of Medicine Could Not be Considered by the Court—This
View Accepted by the District Court is Erroneous.**

On *certiorari.*

Before Justices BLACK and CAMPBELL.

For the prosecutor, *Edward L. Katzenbach,* attorney-gen-
eral, and *Grover C. Richman,* assistant attorney-general.

For the defendant, *Elmer W. Romine.*

PER CURIAM.

The defendant in this case was charged with having violated
section 10 of "An act to regulate the practice of medicine
and surgery," &c., approved May 22d, 1894 (*Pamph. L.*
1894, *p.* 454), as amended by act approved April 8th, 1921.
*Pamph. L.* 1921, *p.* 702. The defendant was tried in the
District Court of the city of Orange by the judge without
a jury and found not guilty.

The writ of *certiorari* seeks to set aside the judgment of
the District Court.

This case is distinguished from the cases Nos. 204 and
205 of the present term, in those cases, disputed questions
of fact only were involved and we were unwilling to disturb
the conclusions of the trial judge. But in this case, there is
no controversy over the facts. The state produced as wit-
nesses, Miss Emma Spruce, Mrs. Delia Orr, Mr. Wesley H.
Bunce, Mrs. Sadie Britton. There was no attempt by the de-

fendant, as shown by the record, to controvert or impeach these witnesses. The contention of the defendant being that he could not be convicted for anything other than the practice of medicine and surgery, and that section 8 of the laws of 1915 (*Pamph. L.* 1915, *p.* 476), which defines the practice of medicine and surgery, could not be considered by the court.

This evidently was the view taken by the judge of the District Court. In this we think the court below fell into error. This raises a question of law as distinguished from a question of fact.

We think the undisputed evidence shows that the defendant was guilty of a violation of the statute, as decided by this court in many cases.

The judgment of the District Court of the city of Orange is reversed.